■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MCKEEVER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered August 24, 1981, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

On March 10, 1980, three men committed a robbery at a grocery store located at 734 Dumont Avenue in Brooklyn. A few minutes later, defendant was apprehended several blocks from

the store and charged with participating in the robbery. At trial, the People were permitted, over objection, to elicit testimony from one Louis Kellman, present in the store during the robbery, that he had previously identified defendant shortly after his arrest; Kellman went on to make an in-court identification of defendant. Defendant maintained at trial, and reiterates on appeal, that it was improper to permit this identification testimony since he had never been given pretrial notice, and indeed had no prior knowledge of it. We agree.

Pursuant to CPL 710.30 (subd 1), whenever the People intend to offer at trial "testimony regarding an observation of the defendant * * * at the time or place of the commission of the offense * * * to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered". In the face of defendant's disclaimer of notice, the People failed to produce any evidence demonstrating that they had indeed served upon defendant a notice of their intention to elicit Kellman's showup and in-court identification testimony. In fact, Kellman's name was never mentioned by the police at the pretrial hearings, or in the People's list of trial witnesses, and was not mentioned by the prosecutor during his opening statement. Furthermore, the People proffered no good cause for their failure to provide this pretrial notice (CPL 710.30, subd 2). Under these circumstances, the unjustified failure to provide the mandatory notice required that the subject identification testimony be excluded (see *People v Slater*, 53 AD2d 41).

Nor can the failure to exclude Kellman's testimony be deemed harmless beyond a reasonable doubt, as the People urge (see *People v Crimmins*, 36 NY2d 230). Concededly, the evidence tending to establish defendant's guilt was strong, especially in light of his transcribed statement admitting participation in the robbery, and the testimony of a police officer who observed defendant running out of the store with two other men. Nonetheless, defendant testified that his statement was given out of fear and a desire to cooperate with the police, and any identification by the police officer was circumstantial evidence at best. Since the owner of the grocery store herself could not identify defendant as one of the robbers, the identification testimony by Kellman was the only evidence that conclusively and directly linked defendant to the crime, and it was never determined at a pretrial hearing whether this identification was the product of an unduly suggestive showup. On this record, we simply cannot say that this identification testimony had no effect on the jury and that the jury would have convicted defendant even had

Kellman's identification testimony been excluded (see *People v Cruz*, 88 AD2d 621). Accordingly, the judgment must be reversed, a new trial ordered, and defendant permitted to test Kellman's identification at an appropriate pretrial hearing.

In view of our disposition, it is unnecessary to pass upon any other issue raised by defendant on appeal. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.