■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD MEZZACAPO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered April 30, 1982, convicting him of burglary in the second degree (two counts), assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. The questions of fact have been considered and have been determined to be established.

Defendant was charged with breaking into complainant's apartment on February 6, 1981 and causing her injury by means of a knife. At trial, complainant testified that at 2:00 P.M. on the day in question she was reading in the bedroom of her Astoria apartment when she noticed the bedroom door move. Getting up to see if her husband had returned from work, she then noticed the apartment door close. Thereupon, she reopened the apartment door and on the other side facing her she saw a man, whom she identified as defendant. Seeing a knife in his hand, she screamed and struggled to close the door. Before she could, the knife came up and slashed her hands. Complainant, whose glasses fell off in the struggle, observed the man for 30 seconds.

In his defense, defendant presented two witnesses who in essence testified that defendant was with them in Flushing at the time in question. They recalled the day vividly because on that day one of them received a letter from her husband asking for a divorce.

Following the court's charge, *inter alia,* on identification, credibility and alibi, and after the jury retired, the court received a note from the jury which read: "Re: In the Judge's charge as to the credibility of alibi witnesses, if they are believed to be untrue, what does this mean to the jurors, or what are we to deduce?". In response to this question, the trial court instructed the jury to evaluate the credibility of the alibi witnesses using the same standards as those applied to any witness. The court declined, however, to recharge the jury on alibi and burden of proof, despite defense counsel's request to do so and his contention that the jurors were asking "what would happen if they don't believe [the alibi witnesses], which leaves you with one of defendant's responsibility concerning alibi witnesses". The refusal on the trial court's part to recharge was error.

It is well established that a trial court must respond meaningfully to the jury's request for further instruction or information (see *People v Malloy,* 55 NY2d 296, 302, cert den 459 US 847; *People v Duncan,* 46 NY2d 74, 79, cert den 442 US 910). The factors to be evaluated are the form of the jury's question (which may have to be clarified before it can be answered), the particular issue of which inquiry is made, any supplemental instruction actually given, and the presence or absence of prejudice to the defendant (see *People v La Marca,* 3 NY2d 452, cert den 355 US 920; *People v Jackson,* 20 NY2d 440, cert den 391 US 928). At bar, the jury's inquiry was clearly aimed, as the defense attorney suggested, at ascertaining the appropriate burden of proof if the alibi was disbelieved, and the court's supplemental instruction was not sufficiently responsive. Since the identification of defendant was weak and a credible alibi was presented, the trial court's failure to properly respond to the jury's obvious confusion was highly prejudicial to defendant and such error cannot be deemed harmless (see *People v Crimmins,* 36 NY2d 230; *People v McKeever,* 104 AD2d 608). Accordingly, the judgment must be reversed and a new trial ordered.

We have examined defendant's other contentions and find them to be either unpreserved for review or lacking in merit. Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.