In the Matter of ERIC F., a Person Alleged to be a Juvenile Delinquent, Respondent.

First Department, February 24, 1987

APPEARANCES OF COUNSEL

*Noreen M. Giusti* of counsel *(Larry A. Sonnenshein* with her on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for appellant.

*John F. McGlynn* of counsel *(Lenore Gittis,* attorney), for respondent.

## OPINION OF THE COURT

SANDLER, J. P.

On July 22, 1985, the Corporation Counsel of the City of New York, as the presentment agency, filed a delinquency petition against the respondent Eric F. alleging that on July 10, 1985 he "stole from the person of Wayne Richardson, certain property, to wit, a yellow metal wrist chain." *(See,* Penal Law § 155.30, defining grand larceny in the third degree.) The petition was supported by an affidavit by Police Officer William Carter, who was on decoy assignment with Officer Richardson, which averred that on a subway train, at the date and time in question, he "observed the respondent snatch a Y/M wrist chain from the right wrist of the comp."

Respondent made a pretrial omnibus motion, returnable August 29, 1985, seeking a bill of particulars and discovery. On October 2, 1985, the fact-finding hearing commenced. The Corporation Counsel declared in his opening statement that Officer Carter would testify that he saw respondent remove a yellow metal chain from Officer Richardson's wrist, and Officer Richardson would testify that he did not give respondent permission to take the chain. The Corporation Counsel also stated that he would prove that respondent retained possession of the chain with intent to keep it, in support of a connected charge, not at issue on this appeal, that respondent's acts constituted criminal possession of stolen property in the third degree.

After Officer Carter had been sworn, but prior to his

giving any testimony, respondent's counsel moved to dismiss the petition on the ground that it was not supported by a deposition averring that the respondent did not have permission to remove the chain bracelet from Richardson's wrist. Respondent's counsel revealed her procedural strategy in delaying the making of the motion until after a witness had been sworn by urging to the court that the Corporation Counsel might have been permitted to cure the purported error prior to hearing, but not after the hearing had commenced. The court rejected the Corporation Counsel's argument that the petition and supporting affidavit sufficiently charged facts that would constitute grand larceny in the third degree, and his further argument that the motion was untimely, and dismissed the petition on the ground of a jurisdictional defect that was not waivable by failure to make a timely motion to dismiss. We disagree, and accordingly reverse, and order reinstatement of the petition.

Family Court Act § 315.1 (3) states that a motion to dismiss a defective petition "must be made within the time provided for in section 332.2." Section 332.1 (4) defines a motion to dismiss a petition pursuant to section 315.1 as a "[p]re-trial motion". Section 332.2 (1) provides that, with exceptions not here relevant, "all pre-trial motions shall be filed within thirty days after the conclusion of the initial appearance and before commencement of the fact-finding hearing".

Clearly, the respondent's motion to dismiss, made 72 days after the initial appearance, and after the commencement of the fact-finding hearing, was untimely. The dispositive question, therefore, is whether there was a *jurisdictional* defect in the petition which could not be waived by respondent's failure to make a timely motion to dismiss. *(See, Matter of Isaac W.,* 89 AD2d 831; *Matter of Michael G.,* 93 AD2d 836.)

The legal requirements for a petition originating a juvenile delinquency proceeding are set forth in Family Court Act § 311.1 (3). Pertinent to this appeal are paragraphs (e) and (h), which are generally analogous to the accusatory and factual parts of a criminal information (CPL 100.15 [2], [3]) and an indictment (CPL 200.50 [4], [7]).

Family Court Act § 311.1 (3) (e) requires that the petition contain "the precise crime or crimes charged", and Family Court Act § 311.1 (3) (h) requires that the petition contain "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts

supporting every element of the crime charged and the respondent's commission thereof with sufficient precision to clearly apprise the respondent of the conduct which is the subject of the accusation". Both requirements were fully satisfied by the language in the petition charging respondent with "Grand Larceny in the Third Degree P.L. 155.30 (5) committed as follows: The Respondent, in the County of New York, on or about July 10, 1985, stole from the person of Wayne Richardson, certain property, to wit, a yellow metal wrist chain."

Family Court Act § 311.2 provides:

"A petition, or a count thereof, is sufficient on its face when
* * *

"(3) non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof."

Thus, the factual part of the petition is supported by an affidavit by Police Officer Carter that at the time and place in question he "observed the respondent snatch a Y/M wrist chain from the right wrist of the comp." As previously noted, respondent's motion to dismiss was based solely upon a claimed deficiency in the officer's deposition supporting the factual part of the petition, to wit, that it failed to aver that respondent had no permission to remove the chain bracelet from Richardson's wrist.

Family Court Act § 303.1 (2) provides that a court may consider judicial interpretations of corresponding Criminal Procedure Law provisions in interpreting similar provisions of the Family Court Act. (See, Matter of Rodney J., 108 AD2d 307, 311.) In People v Iannone (45 NY2d 589), the Court of Appeals explicitly rejected the contention that an insufficiency in the factual part of an indictment is a jurisdictional defect which may not be waived. A similar finding was made as to a criminal information in People v Grosunor (109 Misc 2d 663). In People v Iannone (supra), the court stated (at 600-601): "In essence, an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime. For example, an indictment will be jurisdictionally defective if the acts it accuses defendant of performing simply do not constitute a crime (see People v Case, 42 NY2d 98), or if it fails to allege that a defendant committed acts constituting every material element of the crime charged (see People v McGuire, 5 NY2d 523). Insuffi-

ciency in the factual allegations alone, as opposed to a failure to allege every material element of the crime, does not constitute a nonwaivable jurisdictional defect".

The trial court in this proceeding dismissed the petition on the ground that the nonhearsay deposition supporting the factual part of the petition failed to track the language of Penal Law § 155.30 (5),* citing *Matter of Isaac W.* (89 AD2d 831, *supra*). In that case, we dismissed a juvenile delinquency petition which failed to allege that the respondent had acted "[w]ith intent to cause physical injury", an essential element of assault in the third degree (Penal Law § 120.00). In the instant case, the petition sufficiently set forth the factual basis for the charge of grand larceny in the third degree (stealing property, regardless of its value, from the person of another) by charging that the respondent "stole from the person of Wayne Richardson, certain property, to wit, a yellow metal wrist chain." There was, accordingly, no jurisdictional defect in the petition, and the respondent's untimely motion to dismiss should have been denied. *(See, People v Paolillo,* 15 Misc 2d 1031, *affd* 307 NY 736.)

If we were required to reach the question of the sufficiency of the deposition supporting the petition, we would find no defect in that either. A simple, commonsense interpretation of the required content of an indictment is set forth in Pitler, New York Practice Under the CPL, at 302: "As a general rule, the indictment need only allege where, when and what the defendant did." This test was cited with approval in *People v Iannone* (45 NY2d, at 598). Clearly, the petition in the instant case is sufficient under this test. Although much was made below, and on this appeal, of the imprecision of the word "snatch" in conveying to the respondent exactly what he is charged with doing, we have no such difficulty. The ripping of gold chains from innocent victims has unfortunately become a frequent occurrence in the City of New York, and "chain snatching" has become the common term used to describe this particular crime. In the context used, "snatch" sufficiently denotes lack of consent. *(See, e.g.,* Webster's New Collegiate Dictionary [1973]: "to seize or grab suddenly without permission, ceremony, or right.")

We, accordingly, find that there was no defect in the deposition supporting the petition, and that even if there had been a

---

* "A person is guilty of grand larceny in the third [now fourth] degree when he steals property and when * * *

"(5) The property, regardless of its nature and value, is taken from the person of another".

defect in the deposition supporting the factual allegations, such defect was not jurisdictional, and was, accordingly, waived by respondent's failure to timely move to dismiss the petition.

■ We add that we find no merit to respondent's contention that the Family Court order is not appealable under Family Court Act § 365.1 (2) (a) because the order was not entered prior to the commencement of the fact-finding hearing. If the motion to dismiss had been brought in a timely manner, i.e., prior to the fact-finding hearing, as directed by Family Court Act § 332.2 (1), the order clearly would be appealable. To foreclose the presentment agency from appealing the order dismissing the petition solely on the basis that it was not entered prior to the fact-finding hearing, which result was brought about by respondent's unwarranted delay in making the motion, would make a mockery of the applicable statutes, and would reward the respondent for deliberately ignoring the requirement (Family Ct Act § 332.2 [1]) that pretrial motions be made before commencement of the fact-finding hearing. As noted in McKinney's Consolidated Laws of NY, Book 1, Statutes § 145, "A construction which would make a statute absurd will be rejected."

We do not reach the question whether the order dismissing the petition would be appealable under Family Court Act § 365.1 (2) (b) (see, People v Key, 45 NY2d 111; Firestone v Firestone, 44 AD2d 671), since this argument was not urged on the appeal.

Accordingly, the order of the Family Court, New York County (Mortimer Getzels, J.), entered October 2, 1985, which granted the respondent's motion to dismiss the petition, should be reversed, on the law, the petition reinstated, and the matter remanded to Family Court for further proceedings, without costs.

Ross, Lynch, Milonas and Ellerin, JJ., concur.

Order, Family Court of the State of New York, New York County, entered on October 2, 1985, unanimously reversed, on the law, the petition reinstated, and the matter remanded to Family Court for further proceedings, without costs and without disbursements.