■ In the Matter of KENNETH S., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County

(Ambrosio, J.), dated February 24, 1986, which, upon a fact-finding order of the same court (Corrado, J.), dated January 2, 1986, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and criminal possession of stolen property in the third degree, placed him on probation for a period of 18 months. The appeal brings up for review the denial of that branch of the appellant's omnibus motion which was to suppress the complainant's in-court identification.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Family Court Act § 330.2 and CPL 710.30 (1) require, *inter alia,* that the presentment agency inform a juvenile whenever it intends to offer against him testimony "regarding an observation of the [juvenile] either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him" (CPL 710.30 [1]). This notice requirement applies only in those cases where the previous identification was one arranged by the police for the purpose of establishing the identity of the criminal actor *(see, e.g., People v Berkowitz,* 50 NY2d 333, 338, n 1; *People v Gissendanner,* 48 NY2d 543, 552).

The appellant argues here that the adjudication of his delinquency should be reversed on the ground, *inter alia,* that the Family Court, upon determining that he was not given notice under the statutes, only partially granted his motion to preclude, that is, the court precluded the presentment agency from offering any testimony of a police-arranged identification procedure but specifically permitted the introduction of identification testimony not predicated upon the police procedure. If notice had been required, the court would have been incorrect since the statute mandates the exclusion of all identification testimony to be given by such a witness *(see, e.g., People v McKeever,* 104 AD2d 608; *People v Williams,* 77 AD2d 579). Nevertheless, we find that reversal is not warranted here.

A voir dire conducted during the fact-finding hearing established that in this case there was no police-arranged confrontation for the purpose of establishing the identity of the perpetrator *(see, People v Berkowitz,* 50 NY2d 333, 338, *supra; People v Gissendanner,* 48 NY2d 543, 552, *supra).* It appears that the day after the robbery, the complainant saw the appellant on the street, flagged down a police car and identi-

fied the appellant to the officers as the person who had forcibly taken his bicycle. The appellant was then held until officers from the unit which investigates past robberies arrived to make the arrest. Upon their arrival, one of these officers asked the complainant if the appellant, then being held in a police car, was the perpetrator, and the complainant responded affirmatively. This was not a showup or a police-arranged identification procedure within the intendment of the statute, and, therefore, the appellant was not entitled to notice. The purpose of the statute, to provide protection against improper police identification procedures, would in no way be advanced by its application to the facts of this case. Therefore, the admission of the complainant's in-court identification of the appellant was properly received.

We have considered the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.