■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL BRIGGS, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and a new trial granted. Memorandum: Defendant requests that we reverse his conviction, grant a new trial, direct that the People serve an adequate CPL 710.30 notice with regard to the eyewitness identification of Diane Taylor, and allow him to move to suppress this identification. Since the People failed to provide defendant with notice that they intended to elicit lineup and in-court identification testimony from Diane Taylor, they failed to comply with the mandates of CPL 710.30 (1) (see, People v Bernier, 73 NY2d 1006, 1007; People v McKeever, 104 AD2d 608, 609; People v Fort, 109 Misc 2d 990, 993-994). Because the trial transcript has been lost, we are unable to determine whether defendant objected in a timely manner to the People's failure to comply with CPL 710.30 to preserve this issue for appeal, or whether, if such motion was made, the court permitted the People to serve a late notice based on a showing of good cause (see, CPL 710.30 [2]). Given these circumstances, justice requires that a new trial be granted to defendant, that the People be granted an opportunity to serve an adequate CPL 710.30 notice with regard to the eyewitness testimony of Diane Taylor, and that defendant be accorded an opportunity to move to suppress the identification.

We further find that County Court abused its discretion in denying defendant's renewed motion for a Wade hearing with regard to his pretrial lineup identification. On the morning of trial, the prosecutor provided defense counsel with documentation that established that the Police Commissioner had released to the media certain mug shots of defendant and codefendant that had been published in the newspapers on the

morning of the lineup identifications. Since the police conduct in releasing the photographs may have tainted the lineup identifications, defendant should have been granted a *Wade* hearing to challenge the police pretrial identification procedure *(cf., People v Pauley,* 125 AD2d 341, 342, *lv denied* 69 NY2d 1008; *People v Marshall,* 91 AD2d 643, 644, *overruled on other grounds People v Smith,* 120 AD2d 118, *lv denied* 69 NY2d 750).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Erie County Court, Dillon, J.—attempted murder, second degree.) Present—Doerr, J. P., Denman, Balio, Lawton and Lowery, JJ.