■ In the Matter of KAREEM T., Respondent. COUNTY ATTORNEY OF NASSAU COUNTY, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals (1) from an order of the Family Court, Nassau County (Ryan, J., on decision; Joseph, J., on order), dated December 5, 1989, which granted the respondent's motion to preclude the presentment agency's police witnesses from testifying, and to dismiss the petition, and (2) as limited by its brief, from so much of an order of the same court (Joseph, J.), dated March 22, 1990, as denied its motion to vacate the order dated December 5, 1989.

Ordered that the order dated December 5, 1989, is reversed, on the law, without costs or disbursements, the respondent's motion to preclude the presentment agency's police witnesses from testifying and to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings; and it is further,

Ordered that the appeal from the order dated March 22, 1990, is dismissed as academic, without costs or disbursements, in light of the determination reversing the order dated December 5, 1989.

In October 1989 the presentment agency filed a juvenile delinquency petition alleging that the respondent Kareem T. had committed acts which, if committed by an adult, would have constituted the crimes of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree. Two months later, when the presentment agency's first police witness was sworn in at the commencement of the fact-finding hearing, the respondent moved to preclude her testimony upon the ground that the agency had failed to divulge her name and shield number in response to his pretrial request for a bill of particulars. The Family Court granted the respondent's motion, precluded all of the agency's police witnesses from testifying, and dismissed the petition.

On appeal, the presentment agency contends that the respondent waived his objection to the sufficiency of the bill of particulars by failing to make a written motion seeking compliance with his request prior to the fact-finding hearing. We agree. Family Court Act § 330.1 (4) permits the presentment agency to refuse to comply with a request for a bill of particulars or any portion of a request for a bill of particulars "to the extent it reasonably believes that the item of factual information requested is not authorized to be included in a bill of particulars, or that such information is not necessary to enable the respondent adequately to prepare or conduct his defense" (Family Ct Act § 330.1 [4]). Where, as at bar, a timely written refusal is served, it is then incumbent upon the respondent to make a written motion to compel the presentment agency to comply with his request (see, Family Ct Act § 330.1 [5]). The Family Court Act further requires that the motion to be made "within thirty days after the conclusion of the initial appearance and before commencement of the fact-finding hearing" (Family Ct Act § 332.2 [1]; see, Family Ct Act § 332.1 [5]). Accordingly, we find that the respondent waived

his objection to the bill of particulars by failing to timely move to compel compliance with the disputed items, and that the Family Court improvidently exercised its discretion by entertaining his application for preclusion and dismissal of the petition *(see, Matter of Eric F.,* 126 AD2d 39).

In light of our determination, we do not reach the presentment agency's remaining contentions. Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.