■ In the Matter of SHERRIE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [594 NYS2d 331] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Richmond County (Meyer, J.), dated May 7, 1992, which, upon a fact-finding order of the same court, dated April 6, 1992, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the third degree (two counts), adjudged her to be a juvenile delinquent, and placed her with the Division for Youth, Title III, for a period of 18 months. The appeal brings up for review the fact-finding order dated April 6, 1992.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The presentment agency must inform a juvenile whenever it intends to offer testimony " 'regarding an observation of the [juvenile] either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him' " *(Matter of Kenneth S.,* 128 AD2d 881, 882, quoting CPL 710.30 [1]). Family Court Act § 330.2 (2) provides that "[s]uch notice must be served within fifteen days after the conclusion of the initial appearance or before the fact-finding hearing, whichever occurs first". In this case, since the appellant was detained, the fact-finding hearing was scheduled three days after the appel-

lant's initial appearance. Therefore, the Family Court properly found that service of the notice prior to commencement of the hearing was timely.

The appellant also contends that her right to a speedy fact-finding hearing was violated when the court granted a one day adjournment. Family Court Act § 340.1 (4) provides that "[t]he court may adjourn a fact finding hearing: (a) on its own motion or on motion of the presentment agency for good cause shown for not more than three days if the respondent is in detention". The record establishes that the court adjourned the proceedings to determine the relevancy of a document requested by the appellant. The one-day adjournment was proper under the circumstances and was taken "with due regard to the stated legislative goal of prompt adjudication" *(Matter of Frank C.,* 70 NY2d 408, 414). Balletta, J. P., Miller, Ritter and Santucci, JJ., concur.