■ In the Matter of BRYANT J., a Person Alleged to be a Juvenile Delinquent, Respondent. [600 NYS2d 128] —In a juve-

nile deliquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals from an order of the Family Court, Kings County (Pearce, J.), dated March 17, 1992, which dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

We agree with the contentions of the presentment agency that the Family Court improvidently exercised its discretion by dismissing this juvenile delinquency proceeding on "speedy trial" grounds, at a time before the expiration of the 60 days within which a fact-finding hearing had to be commenced (see, Family Ct Act § 340.1 [2]). Rather, the Family Court should have granted the short adjournment requested by the presentment agency to secure the presence of the complaining witness, whose absence was due to a misunderstanding. A short adjournment could have been granted and the fact-finding hearing still could have been commenced within the 60-day period required by Family Court Act § 340.1 (2), without violating the respondent's right to a speedy fact-finding hearing (see, Family Ct Act §§ 310.2, 340.1 [2]; Matter of Frank C., 70 NY2d 408). Since a short adjournment could have been granted and the fact-finding hearing commenced within 60 days after the respondent's initial appearance, the presentment agency was not obligated to demonstrate the existence of "good cause" (cf., Matter of Nakia L., 81 NY2d 898). In any event, given the short adjournment required, the reason therefor, which was to secure the complainant's attendance after an innocent misunderstanding, and the total absence of prejudice to the respondent, we find that "good cause" was demonstrated (see, Matter of Nakia L., 179 AD2d 145, revd on other grounds 81 NY2d 898, supra). Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.