■ In the Matter of NEFTALI D., a Person Alleged to be a Juvenile Delinquent, Appellant. [611 NYS2d 272] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Spitz, J.), entered April 26, 1993, which, upon a fact-finding order of the same court, entered April 21, 1993, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, assault in the third degree and resisting arrest, *inter alia,* adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period not to exceed 18 months. The appeal brings up for review the fact-finding order entered April 21, 1993, and an order entered March 26, 1993, denying the appellant's motion to dismiss the petition.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly denied his motion to dismiss the petition. The petition is sufficient on its face *(see,* Family Ct Act § 311.2), and it is properly supported by nonhearsay allegations in the form of a police report signed by one of the police-officer victims and certified by a police sergeant. In any event, we note that, when the appellant moved to dismiss the petition, the pretrial stages of the proceeding had already passed and the fact-finding stage had begun *(Matter of Kareem T.,* 180 AD2d 802; *Matter of Eric F.,* 126 AD2d 39). Thus, there was no longer a pressing need for an accusatory instrument that complied with Family Court Act § 311.2 (3) *(see, Matter of Edward B.,* 80 NY2d 458, 464; *Matter of David T.,* 75 NY2d 927, 929). "It follows that the need for—and the operative effect of—Family Court Act § 311.2 (3) are, at that point, dissipated" *(Matter of Edward B., supra,* at 465).

Viewing the evidence in the light most favorable to the petitioner, we find that it is legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Furthermore, it is well settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are questions to be determined by the fact finder, who had the opportunity to see and hear the witnesses *(see, People v Garay,* 163 AD2d 582). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record. Upon the exercise of our factual review power, we are satisfied that the finding of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Krausman and Florio, JJ., concur.