◼ In the Matter of UMAR C., a Person Alleged to be a Juvenile Delinquent, Appellant. [614 NYS2d 38] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Richmond County (Cognetta, J.), dated August 13, 1992, which, upon a fact-finding order of the same court, dated June 26, 1992, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of one year. The appeal brings up for review the fact-finding order dated June 26, 1992.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We reject the appellant's contention that the Family Court erred in granting the presentment agency's application for a single, brief adjournment of the fact-finding hearing. The record demonstrates that the hearing was scheduled to commence on a Monday, but that on the preceding Friday at the earliest, the parties and the court first became aware that the Assistant Corporation Counsel who had been assigned to the case had experienced a sudden and unanticipated medical illness. Moreover, on the scheduled hearing date, the Assistant Corporation Counsel was being medicated and was preparing to undergo medical testing for her condition, which the court reasonably found to be "an emergency situation". Accordingly, in view of the particular circumstances of this case (*see,*

*Matter of Frank C.,* 70 NY2d 408, 414; *Matter of Robert B.,* 187 AD2d 347, 348), the presentment agency established "good cause" for the adjournment *(see,* Family Ct Act § 340.1 [4]) and the Family Court did not improvidently exercise its discretion in adjourning the hearing *(see generally, Matter of Bryant J.,* 195 AD2d 463; *Matter of Sherrie B.,* 191 AD2d 492; *Matter of Carlos T.,* 187 AD2d 38).

Viewing the evidence in the light most favorable to the presentment agency *(see, People v Contes,* 60 NY2d 620; *Matter of Neftali D.,* 204 AD2d 319; *Matter of William T.,* 182 AD2d 766), we find that it was legally sufficient both to establish the appellant's guilt and to disprove his justification defense beyond a reasonable doubt. Indeed, the complainant's logical and consistent testimony, which the Family Court appears to have credited and which we find credible, demonstrated that the attack by the appellant was unprovoked and unjustified. Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the credible evidence *(see,* CPL 470.15 [5]). Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.