■ In the Matter of LEYTON W., a Person Alleged to be a

Juvenile Delinquent, Respondent. WESTCHESTER COUNTY PRE-SENTMENT AGENCY, Appellant. [615 NYS2d 83] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals from an order of the Family Court, Westchester County (Braslow, J.), entered January 15, 1993, which dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements; the petition is reinstated and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.

We agree with the presentment agency's contentions that the Family Court erred in denying its request to adjourn the fact-finding hearing so that it could secure the presence of two police officers who had been subpoenaed to appear as witnesses. The hearing was scheduled 28 days after the respondent's initial appearance and, thus, was well within the 60 day period required by the speedy trial provision of Family Court Act § 340.1 (2). Therefore, a brief adjournment would not have violated the respondent's right to a speedy trial *(see, Matter of Satori R.,* 202 AD2d 432; *Matter of Bryant J.,* 195 AD2d 463). Contrary to the respondent's specific contention that the presentment agency was required to show good cause for an adjournment, Family Court Act § 340.1 (2) requires a showing of good cause for adjournments when the hearing has not been held within 60 to 90 days after the juvenile's initial appearance, not when the application for an adjournment is within the initial 60-day period provided by Family Court Act § 340.1 (2) *(see, Matter of Randy K.,* 77 NY2d 398, 403; *Matter of Bryant J., supra).* Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.