■ In the Matter of RONALD D., a Person Alleged to be a Juvenile Delinquent, Appellant. [627 NYS2d 434] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated May 3, 1993, which, upon a fact-finding order of the same court, dated April 1, 1993, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of nine months. The appeal brings up for review the fact-finding order dated April 1, 1993.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Kings County, for the purpose of entering an order pursuant to Family Court Act § 375.1.

The appellant was arraigned in Criminal Court on December 9, 1992, on the charge of grand larceny in the fourth degree. Thereafter, the matter was adjourned to December 14, 1992, and was removed to the Family Court. The order of removal directed the appellant to appear in the Family Court on December 21, 1992. The matter did not appear on the Family Court calendar until December 30, 1992, at which time it was administratively adjourned to January 6, 1993.

On January 6, 1993, the appellant and his mother appeared and the matter was adjourned until January 20, 1993, to enable the appellant to obtain private counsel. On January 20, 1993, the matter was again adjourned after Legal Aid was appointed as the Law Guardian. No reason was given for the adjournment. On January 29, 1993, a different Law Guardian was appointed and the matter was adjourned to March 1, 1993. On that day, the matter was adjourned to March 18, 1993, at which time the fact-finding hearing commenced.

We agree with the appellant that *Matter of Frank C.* (70 NY2d 408), compels the conclusion that the Family Court should have dismissed the proceeding for failing to provide a speedy trial pursuant to Family Court Act § 340.1. The date of the appellant's initial appearance in this matter was December 21, 1992, the date set forth in the order of removal *(see,* Family Ct Act § 340.1 [3]). Under the circumstances of this case, the fact-finding hearing was required to commence not more than 60 days after the appellant's initial appearance, unless adjourned for good cause *(see,* Family Ct Act § 340.1 [2];

*Matter of Frank C., supra).* An examination of the proceedings herein shows that the adjournments were not for good cause *(cf., Matter of Umar C.,* 205 AD2d 770; *see generally, Matter of Bryant J.,* 195 AD2d 463). Since the Family Court did not commence the fact-finding hearing until March 18, 1993, the appellant's right to a speedy trial was violated under Family Court Act § 340.1 (2) *(see, Matter of Frank C., supra).*

We reject the presentment agency's contention that, since the initial appearance had been adjourned, the fact-finding hearing was timely commenced pursuant to Family Court Act § 320.2 (3). That section merely provides that the initial appearance may be adjourned for a period not to exceed 72 hours to obtain counsel or appoint a Law Guardian. Thus, even if that section were to apply to this case, the fact-finding hearing nevertheless would have had to commence prior to March 1, 1993 *(see,* Family Ct Act § 340.1 [4]).

We have examined the presentment agency's remaining contentions and find them to be without merit. Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.