■ In the Matter of ANDRE C., a Person Alleged to be a Juvenile Delinquent, Appellant. [671 NYS2d 122] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Freeman, J.), dated April 28, 1997, which, upon a fact-finding order of the same court, dated April 2, 1997, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have consti-

tuted the crime of attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of 12 months. The appeal brings up for review the fact-finding order dated April 2, 1997.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the Presentment Agency (cf., People v Contes, 60 NY2d 620), we find that it was legally sufficient to prove that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree (cf., Matter of Gregory B., 242 AD2d 295). Moreover, upon the exercise of our factual review power, we are satisfied that the court's findings of fact were not against the weight of the evidence (cf., CPL 470.15 [5]).

We reject the appellant's claim that his right to a speedy fact-finding hearing was violated by two brief adjournments made on the court's own motion. Contrary to the appellant's contention, it was not necessary to establish good cause for the first adjournment, which was made within 14 days of his initial appearance on the delinquency petition (see, Family Ct Act §§ 320.1, 340.1 [1]; Matter of Leyton W., 206 AD2d 538; Matter of Bryant J., 195 AD2d 463). In any event, the court properly found good cause to adjourn the hearing for two days based upon the unanticipated illness of the Judge to whom the case had been assigned (see, Matter of Umar C., 205 AD2d 770; Matter of Anthony H., 219 AD2d 436). Furthermore, the court did not err in determining that special circumstances existed for the second adjournment due to the continued illness of the assigned Judge, and the absence of the appellant's attorney (see, Matter of Jamar A., 86 NY2d 387). Copertino, J. P., Santucci, Krausman and Florio, JJ., concur.