In the Matter of MARK D., a Person Alleged to be a Juvenile Delinquent, Respondent. [672 NYS2d 891] —In a proceeding pursuant to Family Court Act article 3, the petitioner appeals from an order of the Family Court, Kings County (Pearce, J.), dated January 6, 1997, which granted the respondent's motion to dismiss the petition for failure to comply with Family Court Act § 320.2 (1).

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for an immediate hearing as to whether the petitioner exercised due diligence to obtain the respondent's presence in court for the initial appearance.

After the Family Court ruled on November 8, 1996, that the petitioner exercised due diligence to secure the respondent's appearance, and marked the case off the calendar, the respondent in fact appeared, and moved, *inter alia,* to dismiss the pe-

tition, citing a number of statutory provisions including Family Court Act § 320.2 (1), which requires that an initial appearance be held within 10 days after the filing of the petition. However, in the papers supporting the motion, the respondent argued that his due process rights were violated because of the delay in investigating the initial complaint and the delay in filing the petition. The petitioner opposed the motion contending that the respondent's due process rights were not violated on that basis. After denying the respondent's motion on that basis, the Family Court dismissed the petition for failure to hold the initial appearance within 10 days of the date that the petition was filed. The petitioner's application for a short adjournment, to secure the attendance of witnesses to demonstrate that due diligence was in fact exercised, was denied.

Because of the confusion created by the Family Court's prior finding of due diligence and the respondent's motion papers, the Family Court acted improvidently in denying the petitioner's application for a short adjournment so that it could present witnesses to establish that it had exercised due diligence to secure the respondent's presence at an initial appearance (*see, Matter of Bryant J.,* 195 AD2d 463). Thus, the matter is remitted to the Family Court for a due diligence hearing (*see,* Family Ct Act § 320.2 [1]). Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.