■ In the Matter of Andre P., a Person Alleged to be a Juvenile Delinquent, Respondent. Presentment Agency, Appellant. [783 NYS2d 639]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Gary, J.), dated October 24, 2003, which granted the application of the juvenile to dismiss the petition based on an alleged violation of the statutory speedy trial provision of Family Court Act § 340.1 and dismissed the proceeding.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the application is denied, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings.

The juvenile, Andre P., is one of seven youths who allegedly accosted and attempted to rob another youth. This appeal and three related appeals concern four of the alleged assailants, Andre P., Marquese T., Jamal J., and Ronald A. All four, along with another youth, Gerard G., were charged in identical petitions with conduct which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree (two counts), attempted robbery in the third degree, assault in the second degree, assault in the third degree, attempted assault in the third degree, and menacing in the third degree. The petitions charged some, but not all, of the conduct on an acting-in-concert or aiding-and-abetting theory. For a variety of reasons, the four youths made initial appearances on different dates in August and September 2003. The first to make an appearance was Gerard G., on August 25, 2003.

On October 24, 2003, the 60th day after Gerard G.'s initial appearance, all of the youths appeared before the Family Court on the petitions. The presentment agency stated that it was not ready to proceed with a fact-finding hearing because the complainant's mother had just obtained new employment and was unable to bring the complainant to court. The presentment agency requested an adjournment to secure the attendance of the complainant. Upon applications of the four youths at issue, the Family Court dismissed the petitions as against each on statutory speedy trial grounds over the presentment agency's objection that the relevant 60-day period had not yet run as against them when measured from the date each of them made an initial appearance. The Family Court held that the period began to run against all the youths on the date Gerard G. made his initial appearance, because they were all charged with acting-in-concert. We reverse.

In relevant part, the Family Court Act provides that where, as here, the respondent in a juvenile delinquency proceeding is not detained, a fact-finding hearing must be commenced within 60 days of the respondent's initial appearance unless an adjournment is granted for good cause shown (*see* Family Ct Act §§ 320.2, 340.1; *Matter of Nakia L.*, 81 NY2d 898 [1993]). This statutory period has been held to be a true speedy trial provision, with dismissal of the petition the proper remedy for a violation (*see Matter of George T.*, 99 NY2d 307 [2002]; *Matter of Frank C.*, 70 NY2d 408 [1987]). Here, however, as argued by the

presentment agency, the relevant 60-day period must be measured from the date of each youth's initial appearance. That time had not yet run as to any of the four youths at issue at the time that the court dismissed the petitions on statutory speedy trial grounds. We disagree with the Family Court that the relevant period commenced against all the youths on the date that the first youth, Gerard G., made an initial appearance. The Family Court opined that the presentment agency could circumvent the statutory speedy trial provision by intentionally staggering the initial appearances on petitions charging multiple youths with acting-in-concert, and then using the statutory requirement of a single or consolidated fact-finding hearing to delay the hearing as to youths against whom the relevant period would have otherwise run (*see* Family Ct Act § 311.3 [1]). Here, however, it is not alleged that the presentment agency engaged in such conduct, and there is no evidence in the record to support such a conclusion. While we do not foreclose the possibility that an appropriate remedy might be fashioned if abuses are found in scheduling initial appearances (*cf. Matter of George T., supra* at 313), there is no evidence of impropriety here.

Finally, the Family Court should have granted the presentment agency's request for an adjournment. Even if the adjournment delayed the fact-finding hearing beyond the 60-day limitation as to one or more of the four youths, the presentment agency demonstrated good cause for an adjournment for up to an additional 30 days (*see* Family Ct Act § 340.1 [4] [a]; *Matter of Paul N.,* 244 AD2d 490 [1997]; *Matter of Leyton W.,* 206 AD2d 538 [1994]; *Matter of Bryant J.,* 195 AD2d 463 [1993]); Thus, the Family Court erred in dismissing the proceeding (*see Matter of Jasmine B.,* 300 AD2d 480 [2002]). Ritter, J.P., S. Miller, Mastro and Fisher, JJ., concur.