■ In the Matter of KEVIN D., a Person Alleged to be a Juvenile Delinquent, Appellant. [823 NYS2d 347]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated July 5, 2005, which, upon a fact-finding order of the same court dated May 18, 2005, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would constitute the crimes of attempted robbery in the first degree, attempted robbery in the second degree, attempted grand larceny in the fourth degree, and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated May 18, 2005.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, the presentment agency demonstrated good cause for an adjournment of the fact-

finding hearing in order to secure the attendance of the complainant (*see* Family Ct Act § 340.1 [4] [a]; *Matter of Andre P.,* 11 AD3d 617, 619 [2004]; *Matter of Barbara S.,* 253 AD2d 825 [1998]; *Matter of Paul N.,* 244 AD2d 490, 490-491 [1997]; *Matter of Bryant J.,* 195 AD2d 463, 464 [1993]). Further, special circumstances existed warranting a successive adjournment (*see* Family Ct Act § 340.1 [6]; *Matter of Jamel C.,* 302 AD2d 457, 458 [2003]). Accordingly, the appellant was not deprived of his right to a speedy trial. Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.