Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered April 24, 2006, convicting him of assault in the first degree and assault in the first degree as a hate crime, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the sentence imposed thereon is vacated, those counts of the indictment charging assault in the first degree and assault in the first degree as a hate crime (two counts) are dismissed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the charges of assault in the second degree and assault in the second degree as a hate crime (two counts), as charged in counts four, five, and six of the indictment.
*631 At about 11:30 p.m. on June 8, 2005 the defendant caused severe and life-altering injuries to the complainant. Initially, the defendant repeatedly kicked, stomped, and punched the complainant for between 2 and 15 minutes. The defendant then left the scene, and returned within 5 minutes, again repeatedly stomping, kicking, and punching the complainant for between 5 and 25 minutes. The defendant then left, at which point witnesses arriving on the scene attempted to revive the complainant, who was unconscious. The witnesses testified that the defendant returned to the scene within five minutes, and an argument ensued between the defendant and the witnesses. The defendant told the witnesses that the complainant was “gay” and had made a flirtatious comment to him. The defendant then forcefully kicked the complainant in the head before again leaving.
At trial, the Supreme Court submitted to the jury the charges of assault in the first degree and assault in first degree as a hate crime (two counts), based on depraved indifference to human fife (see Penal Law § 120.10 [3]; § 485.05 [1] [a], [b]), and assault in the second degree and assault in the second degree as a hate crime (two counts), which require intentional conduct (see Penal Law § 120.05 [1]; § 485.05 [1] [a], [b]). The court instructed the jury to consider the first degree assault counts first, and to move on to the second degree assault counts only if it did not find the defendant guilty of the first degree assault counts. The defendant’s attorney did not object to the submission of the first-degree assault counts. During deliberations, the jury sent a note to the court asking whether, if the jury considered the defendant’s acts to have been “at all times intentional,” it could find that he acted “reckless[ly],” i.e., with depraved indifference. The court answered: “[T]hat is for your determination as jurors, you will have to make that finding of fact. You are the sole and exclusive judges of the facts. I cannot tell you what to determine the facts are. I will give you the law and you will determine what the facts are, apply the law as charged by the court and render a verdict based upon the facts as you have decided them and under the law as charged by the court.” The defendant’s attorney did not object to this response to the jury. The jury convicted the defendant of assault in the first degree and one count of assault in the first degree as a hate crime. The defendant’s attorney did not object to the verdict. We reverse, dismiss the counts of the indictment charging assault in the first degree and assault in the first degree as a hate crime (two counts), and remit the matter to the Supreme Court, Kings County, for a new trial on the unresolved charges of assault in the second degree and assault in the second degree as a hate crime (two counts).
*632 The evidence at trial was legally insufficient to establish the crime of assault in the first degree based on depraved indifference to human life. Although the issue is unpreserved for appellate review (see CPL 470.05 [2]), we reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]; [6]). “The Court of Appeals has taught that, except in rare and extraordinary circumstances, not present here, one person’s attack on another, no matter how violent or how great the risk of harm it creates, does not rise to the level of depravity and indifference to life contemplated by the statutes defining crimes committed under circumstances evincing a depraved indifference to human life” (People v Russell, 34 AD3d 850, 851 [2006], citing People v Suarez, 6 NY3d 202 [2005]; see People v McMillon, 31 AD3d 136 [2006]). “Thus, the defendant did not commit the assault in the first degree [and the assault in the first degree as a hate crime] of which he was convicted” (People v Russell, 34 AD3d at 851-852, citing People v Swinton, 7 NY3d 776 [2006]). We agree that the trial court committed reversible error in failing to provide a meaningful answer to the jury’s question concerning whether, if it found that at all times the defendant’s acts were intentional, it could find that the defendant acted recklessly, i.e., with depraved indifference (see CPL 310.10; People v Kisoon, 8 NY3d 129 [2007]; People v Gonzalez, 293 NY 259 [1944]; People v Mezzacapo, 105 AD2d 808 [1984]). While this claim is unpreserved, we reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]; [6]). In light of the foregoing, we need not consider the defendant’s remaining contention. Mastro, J.P, Skelos, Lifson and Leventhal, JJ., concur.