In the Matter of JALLAH J., a Person Alleged to be a Juvenile Delinquent, Appellant. [6 NYS3d 641]—

Appeal from an order of disposition of the Family Court, Queens County (Robert I. Caloras, J.), dated June 24, 2014. The order adjudicated Jallah J. a juvenile delinquent and placed him in the custody of the New York City Administration for Children's Services for placement in a nonsecure facility for a period of up to 18 months. The appeal brings up for review a fact-finding order of that court dated February 19, 2014, which, after a hearing, found that Jallah J. had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's sole contention on appeal is that he was deprived of his right to a speedy fact-finding hearing. Family Court Act § 340.1 (2) provides that where, as here, a juvenile respondent is not in detention after his or her initial appearance, "the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance." However, pursuant to Family Court Act § 340.1 (4), the Family Court may adjourn the fact-finding hearing "for good cause shown for not more than thirty days."

Here, the presentment agency was not ready to proceed on "day sixty," the date stipulated for purposes of the speedy fact-finding hearing (see Family Ct Act § 340.1 [2]), because its primary witness, the complainant, failed to appear. The assistant corporation counsel had issued a subpoena to the complainant's mother about one month prior to the date scheduled for the fact-finding hearing, and followed up just a few days prior to the hearing. Nonetheless, the complainant's mother misunderstood the date scheduled for the hearing, and failed to bring him to court that day. Thus, the presentment agency made its first and only request for an adjournment in order to secure the attendance of the complainant. Under these circumstances, the Family Court providently exercised its discretion in finding good cause for adjourning the fact-finding hearing for not more than thirty days (see Family Ct Act § 340.1 [4] [a]; Matter of Randy K., 77 NY2d 398 [1991]; Matter of David P., 106 AD3d 745, 745-746 [2013]; Matter of Kevin D., 34 AD3d 471 [2006]; Matter of Andre P., 11 AD3d 617, 618-619 [2004]). Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.