## SUPREME COURT — EXTRAORDINARY TERM — NEW YORK.

### April, 1918.

## THE PEOPLE v. HARRY ULLMAN.

### (103 Misc. 376.)

ELECTIONS—FALSE STATEMENT BY INSPECTOR—MEANING OF "INTENTION-ALLY" AND "WILLFULLY."

Where the jury on the trial of an inspector of elections, who was convicted of making a false statement of the result of the canvass of votes at a primary election, was instructed on its request as to the meaning of "intentionally" and "willfully," a motion to set aside the verdict, because one of the jurors, after the jury had been discharged, stated that if he had fully understood what a willful neglect of duty meant he would not have brought in a verdict of guilty, will be denied.

MOTION to set aside verdict of conviction and for a new trial.

*Edward Swann*, District Attorney; *Jacob A. Banton* and *William A. McQuaid*, Assistants, for People.

*F. E. Klein*, for defendant.

GOFF, J.:

The ground of motion is that one of the jurors, after delivery of the verdict and being discharged, met the counsel for the defendant and heard him read a certain section of the Penal Law and then learned "that in order to convict an election inspector of this section the neglect of duty must be a willful neglect of duty," and that if he had fully understood what a willful neglect of duty meant he would not have brought in a verdict of guilty.

25

This juror was produced in court on the hearing of the motion and being sworn stated that because of " considerable noise there might possibly have been a chance of my missing the interpretation of the word and not hearing the word willful." Later he consulted with his personal counsel and learned that his interpretation of the word, in substance, was the interpretation which the district attorney had told him that the court had given.

This motion not only illustrates the wisdom of the rule of law which will not permit a juror to assail his own verdict, but the danger if not the impropriety of a juror after he has ceased to be such consulting with the lawyers in the case out of court and receiving their version of what they say the law should be. The defendant was not convicted for neglect of duty, willful or otherwise. He was convicted of making a false statement of a result of the canvass of votes at the primary election, and the jury were so charged directly and without equivocation. Even after the main charge was delivered they entered the court requesting further instructions, and they were so instructed on the legal meaning of the words " intentionally " and " willfully."

To set aside a verdict on the ground assigned would be to make the administration of criminal justice a thing of chance and uncertainty, and would open the gate to interminable pretexts which would have the effect of making the law a subject of contempt and ridicule.

Motion denied.