## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### July 11, 1918.

### THE PEOPLE v. HARRY ULLMAN.

#### (184 App. Div. 93.)

(1.) ELECTION—PENAL LAW, § 751—FALSE STATEMENT BY CHAIRMAN OF BOARD OF INSPECTORS OF RESULT OF CANVASS OF BALLOTS—PENDENCY OF ACTION BY DEFENDANT AGAINST TRIAL JUDGE TO RECOVER DAMAGES FOR FALSE IMPRISONMENT AND ABUSE OF LEGAL PROCESS NOT A GROUND FOR DISQUALIFICATION.

A trial judge before whom a defendant is being tried for the crime of willfully making a false statement of the result of a canvass of ballots cast at a primary election in violation of section 751 of the Penal Law is not disqualified by reason of the fact that an action had been brought and was pending by the defendant against the judge to recover damages for his alleged wrongful arrest and for abuse of legal process in denying him bail.

(2.) SAME—EVIDENCE.

Evidence examined, and *held*, sufficient to sustain the conviction of the defendant who was chairman of the board of inspectors.

(3.) SAME.

As the number of votes canvassed by defendant and his fellow-inspectors was small, the false statement of the result could not have come from an honest mistake, and defendant's effort to show that his signing the false statement was due to inadvertence and an honest mistake on his part and was not willful is unworthy of serious consideration.

APPEAL by the defendant, Harry Ullman, from a judgment of the Supreme Court, rendered against him on the 11th day of April, 1918, convicting him of a misdemeanor in wrongfully making a false statement of the result of a canvass at a primary election.

*I. Maurice Wormser* of counsel (*Frederic E. Klein* with him on the brief), for the appellant.

*Robert S. Johnstone* of counsel (*Joab H. Banton* with him on the brief; *Edward Swann, District Attorney*), for the respondent.

MERRELL, J.:

This is an appeal by the defendant, Harry Ullman, from a judgment convicting him of the crime of willfully making a false statement of the result of a canvass of ballots cast at a primary election held in the twenty-eighth election district of the seventeenth Assembly district in the city and county of New York on the 19th day of September, 1917, and in particular with reference to ballots cast for the Republican nomination for mayor of the city of New York.

The defendant was chairman of the board of inspectors in said district, and is charged in the first count of the indictment upon which he was tried with a violation of section 766 of the Penal Law, in that the defendant, with three others, intentionally made a false statement of the result of their canvass of the ballots cast at said primary election, and that by said statement the defendant and his fellow-inspectors of election certified that John Purroy Mitchel had received fifteen votes for the Republican nomination for mayor of the city of New York, and that William M. Bennett had received three votes for such nomination, and that there were no void or blank votes cast thereat, whereas, in fact, there were actually cast for said Mitchel at said primary election eight votes, for said Bennett fives votes, and there were four void ballots and one blank ballot cast.

By the second count of the indictment the defendant is accused upon the same facts under section 751 of the Penal Law of the crime of willfully making a false statement of the canvass of the ballots cast at said primary election.

The charge under the first count was a felony, but defendant was not convicted thereon. Defendant was convicted under the second count of the crime of willfully making a false statement of the result of the canvass made by said board of election inspectors of the ballots cast at said primary election, which is by section 751 made a misdemeanor.

Section 751 of the Penal Law, under which defendant was convicted, so far as pertinent, provides (Subd. 12) that any person who " being an  *  *  *  election inspector  *  *  * wilfully  *  *  *  makes  *  *  *  at a  *  *  .*  primary election " a false statement of the result of the canvass of the ballots cast thereat " is guilty of a misdemeanor."

Defendant asks that the judgment of conviction be reversed upon several grounds. He first urges that the trial judge was disqualified from presiding upon the trial by reason of the fact that an action had been brought by defendant against the judge to recover damages for false imprisonment and abuse of legal process.

The term at which the defendant was tried was an extraordinary one appointed by the Governor, and when defendant was arraigned the judge designated to hold the term refused to admit him to bail, and it is claimed gave directions that defendant should not be admitted to bail in case application were made for a writ of habeas corpus to any other justice. Upon being denied bail defendant brought action against the justice by service of a summons in the Supreme Court, and when brought to the bar for trial upon the indictment, defendant, through his counsel, stated that the action which he had brought by service of a summons was to recover damages for his wrongful arrest and for abuse of legal process in denying him bail, and urged the fact of the pendency of such action as a reason why the judge designated to hold the extraordinary term would be prejudiced against defendant and should not preside at the trial. His objection was overruled, and the trial proceeded.

This point raised by the defendant does not appeal to me. Surely the defendant in a criminal prosecution should not be permitted to prevent his trial by merely accusing the judge designated to hold the term of prejudice or by bringing action against the judge for damages for some real or fancied wrong. If such an effort to disqualify a judge were to be successful, it would be a very convenient way by which a defendant might get rid of a judge before whom he did not wish to be tried, and avoid or, at least, delay his trial.

The defendant, with much ingenuity, attempts to seize upon certain occurrences during the progress of the trial, which he urges as showing prejudice against him on the part of the trial judge, and upon which he attempts to build up a case showing that he was unfairly treated and denied an impartial hearing. Counsel for the defendant has been most diligent in searching the record in an effort to build up a structure showing such prejudice on the part of the trial judge, which he asserts created a hostile atmosphere prejudicial to his rights. A careful examination of the record of the trial convinces me that there is no real merit in defendant's complaint. Throughout the trial the conduct of defendant's trial counsel was most annoying and at times unprofessional, and undoubtedly the patience of the trial judge was sorely tried. But the trial as a whole seems to have been conducted on a dignified plane, and with entire fairness toward the defendant. The testimony leaves no doubt as to defendant's guilt of the charge against him, which was a most serious one, striking at the very foundations of our governmental institutions. The defendant and his associates were sworn officers of the law, charged with the performance of a most important duty, that of conducting a fair election and of recording and promulgating the will of the voters as expressed through the ballots cast at said primary election. Elections are provided whereby the popular will upon a given subject may be expressed. If the will of the voters may be thwarted

by such dishonesty as was attempted by defendant here, then elections have become a farce and may better be dispensed with entirely.    When such flagrant misconduct occurs as was proven in this case and a return of votes cast is made so entirely at variance with the facts, the parties guilty of such falsification should not be permitted to escape.    The number of votes canvassed by defendant and his fellow-inspectors was small, only eighteen votes in all being cast for the Republican candidates for mayor.    Therefore, the false statement of the result could not have come from any honest mistake, and defendant's effort to show that his signing the false statement was due to inadvertence and an honset mistake on his part and was not willful is hardly worthy of serious consideration.    Had a large number of ballots been cast, and canvassed by the board, an entirely different situation would have been presented, or, at least, there would have been more merit in defendant's claim of an honest mistake.    The ballots cast, and which were produced upon the trial, were plainly marked.    There were eight votes cast for Mitchel, and five for Bennett, there were four void ballots and one blank.    There was no room for doubt as to the canvass of the ballots cast.    The return which defendant and his associates made was concededly false, and when, as chairman of the board, defendant signed the statement at variance with the actual result of the election, he can hardly be heard to say that he did not intend the natural result of his acts nor claim that the false statement was not willfully made.

The trial judge should not be criticised for holding counsel for the defendant to strict procedure upon the trial of a case of the importance of this.    While at times counsel for the defendant, by his conduct, merited and received the rebuke of the court, yet I think the trial was conducted with entire fairness, and that nothing occurred which prejudiced defendant's rights before the jury.    The charge of the court was extremely

fair and impartial, and accorded to defendant every right to which he was legally entitled.

Many technical objections are urged by counsel for defendant concerning alleged irregularities in the drawing of the special panel of jurors for the term, and relative to the examination of such jurors as to their qualifications, and in the reception of evidence, but none of said criticisms seem to me to possess merit, or to direct our attention to anything previous than meritorious, and no sufficient reason is presented for disturbing the verdict of the jury. Defendant, in his brief, as ground for reversal, urges that the extraordinary trial term at which he was tried was improperly appointed, and that his trial thereat was, therefore, improper. There is no merit in this position. It is not shown to possess any substance. It was not raised by defendant upon the trial, and it is not claimed that any harm or prejudice resulted to the defendant by reason of the claimed irregularity. His objections in this respect, as are many others which he urges as ground for reversal, are extremely technical, and will not be sustained for the purpose of reversing the judgment rendered. (People v. Duffy, 212 N. Y. 57.) Under the evidence the defendant could well have been convicted of a felony. The jury was extremely lenient toward the defendant in finding him guilty of the lesser offense charged in the indictment.

The judgment of conviction should be affirmed.

DOWLING, SMITH, PAGE and SHEARN, JJ., concurred.

Judgment affirmed.