## SUPREME COURT — SPECIAL TERM — NEW YORK.
### March, 1919.

## THE PEOPLE ex rel. BENJAMIN HOROWITZ v. JOHN J. HANLEY.

WRIT OF PROHIBITION*—EXTRAORDINARY TERM OF SUPREME COURT—CRIMINAL LAW—SENTENCE—COURTS.

Where an order granting an absolute writ of prohibition restraining the imposition of a sentence entered upon a plea of guilty at an Extraordinary Term of the Supreme Court which was illegally constituted, does not prohibit further proceedings upon the indictment and plea, a regularly constitued criminal term of said court has authority to impose sentence.

The Extraordinary Term, though declared illegally constituted, was a *de facto* court, and all proceedings had before it and taken without objection prior to the issuance of the alternative writ of prohibition are valid and must prevail.

APPLICATION for a writ of habeas corpus.

*George Edwin Joseph,* for relator.

*Robert S. Johnstone* and *Edward Swann,* for respondent.

COHALAN, J.:

The relator applies for a writ of habeas corpus.    He was indicted by the grand jury of the county of New York in the Court of General Sessions, and on February 26, 1918, an order was made removing the indictment to the Supreme Court.    On April 19, 1918, at an Extraordinary Trial Term of the Supreme Court the relator entered a plea of guilty, and his bail was continued and sentence adjourned without date.    On December 27, 1918, the Appellate Division granted an absolute writ of pro-

---

* See note, Vol. 27, p. 368

hibition, which prevented sentence being passed upon the relator by the Extraordinary Trial Term of the Supreme Court. The relator's contention upon this application is that the appellate court having granted a writ of prohibition restraining the imposition of a sentence upon the plea of guilty, filed at the Extraordinary Trial Term, the proceedings theretofore had in that term have been adjudicated illegal, void and of no effect. In a word that sentence may not be imposed upon a plea that is invalidly taken, and that all proceedings in the Extraordinary Trial Term are invalid because of the illegal constitution of the court. I am unable, however, to agree with this view. The order of the Appellate Division did not prohibit the Supreme Court from proceeding further upon the indictment and plea; it did not annul or vacate any of the proceedings theretofore had before the extraordinary term. The prior proceedings remained in full force and effect. The Supreme Court as a court had the power and jurisdiction to proceed with the action already taken and to pass judgment upon the conviction theretofore had by the plea of guilty. The decision in this case with respect to the prohibition order was based upon the prior decision in the case of People ex rel. Childs v. Extraordinary Trial Term (184 App. Div. 829). In that case, because of a defect in the publication of the notice of its appointment, the extraordinary term was held to have been illegally constituted. The important point, however, of the decision in the present connection is that the Appellate Division held in the Childs case that the extraordinary term was a *de facto* court and that its proceedings up to the time the writ of prohibition was issued were valid. It must be held here that the court was a *de facto* court, and all proceedings had before it and taken without objection prior to the issuance of the alternative writ of prohibition are valid and must prevail. The writ of prohibition was concerned only with future happenings and not with past events. (People v. Ullman, 184 App. Div. 93.) The situa-

tion here presented is in effect as follows: There was pending before the Supreme Court an indictment and a plea of guilty thereto. That court was called upon to take action upon that conviction, and at a regularly constituted criminal term rendered judgment upon the conviction theretofore had by the plea of guilty. The Supreme Court had a right to impose punishment in accordance with that plea. It is not necessary that the same term of the court nor the same judge should pass judgment upon the conviction. The Supreme Court *per se* had the jurisdiction. I am constrained to hold that the regularly constituted criminal term had authority to proceed in the case to final judgment. (Moett v. People, 85 N. Y. 373, 382, 383; People v. Bork, 96 id. 188, 198, 2 N. Y. Crim. 177; People v. Brown, 153 App. Div. 234.)

The writ is dismissed and the prisoner remanded.

Writ dismissed.