Benjamin Gassman, P. J.
The defendant appeals from a judgment convicting her of a violation of section 887 (subd. 4, par. [b]) of the Code of Criminal Procedure.
Following her arrest, the defendant was arraigned in the Women’s Court on January 23, 1959. Her counsel waived the reading of the complaint and defendant, through her attorney, pleaded not guilty. The trial was set for January 28, 1959. On the trial date, defendant’s counsel applied for a 48-hour adjournment, stating that he was not ready to proceed. The Magistrate said: “If it becomes necessary during the trial that you need an adjournment, I will give you an adjournment. Proceed with this case ”. Thereupon defendant’s counsel said: “ The application is withdrawn under those circumstances.” The trial then proceeded, without any renewal of the application for an adjournment by defendant.
The record before us indicates that the guilt of the defendant was established beyond a reasonable doubt. Defendant however, contends that the judgment should be reversed on the ground (1) that when defendant, on January 23, 1959, pleaded not guilty, she did so to a nullity, for the reason that the arresting officer’s affidavit, though signed by him, was not, at that time, sworn to; (2) that she was therefore entitled to a two-day adjournment on January 28, 1959, in accordance with section 357 of the Code of Criminal Procedure and that the refusal of the adjournment constitutes reversible error; and (3) that defendant should have been tried separately and apart from the three codefendants with whom she was arrested and tried.
With respect to the first ground, the record indicates that at defendant’s arraignment on January 23, 1959, after the court officer advised the defendant that she is charged with a violation of section 887 (subd. 4, par. [b]) of the code, her attorney said: “ We waive the reading of the complaint. The defendants, each of them, plead not guilty to the charge. ’ ’ The Magistrate thereupon set the date of trial as January 28, 1959. On the latter date, after the arresting officer was sworn and began to testify, the Magistrate apparently noticed that although the complaint was signed by the arresting officer, it was not sworn to before the arraigning Magistrate. The following then transpired:
“ The Court : Before we go any further, by inadvertence, Judge Strong forgot to swear him. (To witness) What is your name?
*1010 “ The Witness : Detective Hartigan.
“ The Court: Do you have any objection that I swear him? (Whereupon the witness was sworn to the truth of the complaint.)
“ The Court: I am changing the date to January 28th. All right?
1 ‘ Mr. Jackson : All right. ’ ’
Mr. Jackson was the Assistant District Attorney. It should be noted that no objection was expressed by defendant’s counsel. The detective then proceeded with his testimony and was followed by the other detectives who participated in the events which preceded the arrests.
While technically, the complaint should have been sworn to on January 23, 1959, the error was not so substantial as to justify a reversal of the judgment, particularly, in view of the failure of the defendant to object when the Trial Magistrate asked whether there was any objection to his administering the jurat to the detective on January 28,1959. Failure to object constituted a waiver by defendant of any technical error. It is therefore not a ground for reversal. (People v. Ullman, 184 App. Div. 93.)
A judgment of conviction will not be reversed unless it is shown not only that an error was committed, but that the defendant was prejudiced thereby. (People v. Dixon, 231 N. Y. 111, 120; People v. Patrick, 182 N. Y. 131, 176.) Where, as in this ease, the guilt of the defendant was overwhelmingly established, the conviction will be affirmed, without regard to technical errors, not affecting substantial rights. (Code Crim. Pro., § 542; People v. Stapler, 179 App. Div. 881, affd. 223 N. Y. 692; People v. Vanacore, 260 App. Div. 1045. )
With respect to the second ground, the record shows that although defendant’s counsel first applied for an adjournment when the case was called for trial, he later withdrew the application and has not renewed it at any time during the trial. In view of what we stated before, section 357 of the Code of Criminal Procedure does not apply. That section provides that “ after his plea, the defendant is entitled to at least two days to prepare for his trial, if he require it ’ ’. Defendant having pleaded on January 23, 1959, more than two days elapsed between the date of pleading and the date of trial. Under the circumstances here presented, it was within the discretion of the trial court to grant or refuse an adjournment on that date (People ex rel. Anderson v. Superintendent of Creedmoor State Hosp., 40 N. Y. S. 2d 84; People v. Jackson, 111 N. Y. 362, 363) and it does not appear that the court abused its discretion.
*1011 As to the third ground, it appears that at no time during or before the trial, did this defendant move to sever her case from that of the other three codefendants. It is too late to raise this question on appeal.
Accordingly, the judgment should be affirmed.
Cawse and Martinis, JJ., concur.
Judgment affirmed.