■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Miller, J.), rendered April 2, 1987, convicting him of criminal possession of a weapon in the third degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a weapon in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and by vacating the adjudication of the defendant as a second violent felony offender pursuant to his conviction of criminal possession of a weapon in the third degree and substituting therefor an adjudication of the defendant as a second felony offender; as so modified, the judgment is affirmed.

The defendant was the driver of a car which was involved in a high-speed chase with the police in the Sheepshead Bay area of Brooklyn. When the police first saw the car, it was stopped in the middle of the road with its engine running. The defendant was in the driver's seat. Two males ran towards the car and entered the rear passenger seats through either side. Suspecting that the defendant was operating an illegal livery vehicle, the police followed the car for some distance. When the car stopped at a traffic signal, the police attempted to pull the car over with the result that the car speeded off with the police in pursuit. During the pursuit, the codefendant, who was one of the occupants of the rear passenger seat, extended his upper torso out of the back window of the car and shot at the police car with a small handgun. Thereafter, he was observed throwing something out of the car before the chase came to an end and the defendant and the codefendant were apprehended. The gun was never recovered.

The defendant contends that the trial court erred in charging the statutory presumption contained in Penal Law § 265.15 (3), and, alternatively that even if the presumption is chargeable it erred in failing to charge the personal possession exception to the provision. We agree. Although the gun was present in the vehicle within the meaning of the statutory provision, the fact is that at all times when it was seen it was in the exclusive personal possession of the codefendant. This clear-cut evidence nullifies the application of the presumption *(see, People v Lemmons,* 40 NY2d 505, 510-511; *People v Wilt,* 105 AD2d 1089; *People v Lester,* 61 AD2d 844; *People v Scott,* 53 AD2d 703) and it was error for the trial court to have charged it. This error was not harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242) since the People failed to adduce any evidence to suggest that the defendant ever had physical

possession or dominion or control over the gun, had ever seen the gun prior to its use, knew in advance that someone in the car was in possession of it, or had solicited, requested, commanded, importuned, or intentionally aided another individual to possess the gun. The evidence was, therefore, insufficient as a matter of law to find the defendant guilty of criminal possession of a weapon in the third degree *(see, People v Cummings,* 131 AD2d 865; Penal Law § 10.00 [8]; § 20.00; *cf., People v Matonti,* 53 AD2d 1022).

The defendant's adjudication as a second violent felony offender pursuant to his conviction of criminal possession of a weapon in the third degree must be vacated and an adjudication as a second felony offender substituted, since his conviction of reckless endangerment in the first degree stands. The sentence of 3½ to 7 years imposed by the sentencing court is permissible on an adjudication as a second felony offender *(see,* Penal Law § 70.06); we find that that sentence was appropriate under the circumstances and therefore decline to disturb it *(People v Suitte,* 90 AD2d 80).

In light of our finding with respect to the defendant's conviction of criminal possession of a weapon in the third degree, the defendant's remaining contention has been rendered academic, and, in any event, is without merit. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.