■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASHION JONES, Appellant. [734 NYS2d 125] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered February 17, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction of criminal sale of a controlled substance in the third degree and dismissing that count of the indictment, and otherwise affirmed.

Given the cross-examination by defense counsel and cocounsel, which clearly raised specific claims of recent fabrication, the court properly admitted various reports prepared by the undercover detective as prior consistent statements to rebut such claims (*see, People v McDaniel*, 81 NY2d 10, 18; *People v Cortijo*, 254 AD2d 125, 126, *lv denied* 92 NY2d 1030). The reports predated particular motives to falsify that were asserted by the defense, and there was no requirement that the

reports predate all possible motives to falsify (*see, People v Mc-Clean,* 69 NY2d 426, 430; *People v Baker,* 23 NY2d 307, 322-323; *People v Kanani,* 272 AD2d 186, *lv denied* 95 NY2d 935).

The court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination of police witnesses. Defendant received sufficient latitude to impeach the officers' credibility with regard to the matters upon which he sought further inquiry. Accordingly, there was no impairment of defendant's right to confront witnesses and present a defense (*see, Delaware v Van Arsdall,* 475 US 673, 678-679).

The court's responses to notes from the deliberating jury were meaningful and did not deprive defendant of a fair trial (*see, People v Almodovar,* 62 NY2d 126).

The conviction of criminal sale of a controlled substance in the third degree is vacated in the interest of justice as a noninclusory concurrent count of criminal sale of a controlled substance in or near school grounds (*People v Ross,* 289 AD2d 233). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Marlow, JJ.