■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, ·v LEE WOODS, Appellant. [914 NYS2d 682]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J., at trial; Gerges, J., at sentencing), rendered April 1, 2009, convicting him of aggravated murder, attempted aggravated murder, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"If upon cross-examination a witness' testimony is assailed—either directly or inferentially—as a recent fabrication, the witness may be rehabilitated with prior consistent statements that predated the motive to falsify" (*People v McDaniel*, 81 NY2d 10, 18 [1993]). During cross-examination, defense counsel implied that the prosecution witness's testimony was a recent fabrication because she had received certain benefits from the police. By doing so, defense counsel opened the door for the prosecution to rehabilitate the witness's credibility with a prior consistent statement that predated the motive to fabricate (*id.* at 18; *see People v Sing Yuen Chen*, 253 AD2d 898, 899 [1998]). The prior consistent statement did not need to predate all motives to fabricate (*see People v Baker*, 23 NY2d 307, 322-323 [1968]; *People v Jones*, 289 AD2d 47, 47-48 [2001]; *People v Kanani*, 272 AD2d 186, 187 [2000]). Accordingly, the Supreme Court correctly admitted the witness's prior consistent statement.

Any error in instructing the jury on the presumption contained in Penal Law § 265.15 (3) was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Mace*, 91 AD2d 864 [1982]; *cf. People v Williams*, 146 AD2d 659, 660-661 [1989]).

The defendant's challenge to the Supreme Court's supplemental instructions on the counts charging criminal possession of a weapon in the second degree is unpreserved for appellate review,

and we decline to review it in the exercise of our interest of justice jurisdiction (*see People v Harrison*, 194 AD2d 627 [1993]).

The defendant's remaining contention is without merit. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.