■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAND NASH, Appellant. [920 NYS2d 697]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered August 12, 2009, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to CPL 310.30, the trial court must make a meaningful response, in the presence of counsel and the defendant, to any jury request "for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case." In determining whether the trial court has responded meaningfully to the jury's request for further instruction, the factors to be evaluated are the form of the jury's question, the particular issue of which inquiry is made, the supplemental instruction actually given, and the presence or absence of prejudice to the defendant (*see People v Almodovar*, 62 NY2d 126, 131-132 [1984]; *People v Malloy*, 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]; *People v Robinson*, 78 AD3d 1204 [2010]; *People v Ariza*, 77 AD3d 844 [2010], *lv denied* 15 NY3d 951 [2010]). Here, contrary to the defendant's contention, the Supreme Court gave meaningful responses to the jury's written requests during deliberations.

The defendant's contention that the Supreme Court impermissibly considered two pending assault charges as a basis for his sentence also is without merit. The record reflects that the assault charges were raised in the context of the defendant's assertion that he was a mild-mannered person. In any event, "[i]t was within the court's discretion to consider the defendant's prior criminal history, including crimes for which he has never been tried or convicted . . . as long as the information regarding such crimes was reliable and accurate" (*People v Gonzalez*, 242 AD2d 306, 306-307 [1997]; *see People v Bejarano*, 287 AD2d 727 [2001]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.