The defendant’s contention in his pro se supplemental brief that the police found narcotics on his person as the result of an illegal warrantless “strip search” is unpreserved for appellate review (see People v Wellington, 84 AD3d 984, 985 [2011]; People v Fleming, 65 AD3d 702 [2009]; People v Garcia, 284 AD2d 106 [2001]). The defendant’s failure to raise and litigate the issue during the pretrial suppression hearing, and not a failure of proof by the People, resulted in evidence of the legality of the search remaining undeveloped and unaddressed (see People v Cabrera, 61 AD3d 884 [2009]).
The defendant’s contention that the evidence of his offer or *601 agreement to sell the narcotics was legally insufficient to support his conviction of criminal sale of a controlled substance in the third degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish this element of criminal sale of a controlled substance in the third degree beyond a reasonable doubt (see Penal Law § 220.00 [1]; People v Samuels, 99 NY2d 20, 24 [2002]; People v Taylor, 94 NY2d 910, 911 [2000]; People v Edwards, 304 AD2d 367, 367-368 [2003]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The record as a whole demonstrates that the defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
The defendant’s remaining contention, that the conviction of criminal possession of a controlled substance in the third degree should be vacated, and the indictment on that count dismissed on the basis that it was “factually related” to the criminal sale of a controlled substance in the third degree, is without merit, since there is no basis to vacate the latter conviction (People v Brown, 230 AD2d 917, 918 [1996], mod 90 NY2d 872 [1997] [internal quotation marks omitted]). Angiolillo, J.P., Belen, Chambers and Austin, JJ., concur.