THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRELL DANIELS, Appellant. [956 NYS2d 894]

The defendant's contention that the evidence was legally insufficient to support his convictions of assault in the first degree (*see* Penal Law § 120.10 [1]), robbery in the first degree (*see* Penal Law § 160.15 [1], [2]), and robbery in the second degree (*see* Penal Law § 160.10 [1]) is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]) and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those offenses beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial because the prosecutor engaged in certain instances of misconduct during trial is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit. To the extent the defendant argues that the prosecutor improperly offered into evidence a stipulation by the parties that prejudiced him, the contention is also waived (*see People v Chisholm*, 89 AD3d 859, 860 [2011], *lv granted* 19 NY3d 958 [2012]; *People v Riley*, 79 AD3d 911, 912 [2010]).

The record as a whole demonstrates that the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Bullock*, 97 AD3d 600, 601 [2012], *lv denied* 19 NY3d 1101 [2012]).

The defendant's contention that the Supreme Court improperly allowed the prosecutor to introduce identification testimony without having provided notice thereof pursuant to CPL 710.30 is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit. The defendant's further contention that the Supreme Court did not provide meaningful supplemental instructions to the jury is also unpreserved for appellate review and, in any event, without merit (*see People v Whitney*, 95 AD3d 1147, 1147 [2012]), as is the defendant's contention that the Supreme Court improperly admitted into evidence the parties' stipulation.

The sentence imposed was excessive to the extent indicated herein. Skelos, J.P., Angiolillo, Dickerson and Hall, JJ., concur.