■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HANDEL, Appellant. [19 NYS3d 430]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered July 3, 2012, convicting him of murder in the second degree and tampering with physical evidence (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

CPL 20.20 (2) (a), which relates to the geographical jurisdiction of New York State, contains a presumption in certain homicide cases that the death of the victim occurred in New York State when "the victim's body or a part thereof" was found here. On this appeal, the defendant contends that the trial court erred in its charges as to geographical jurisdiction, both in its initial charge and in the supplemental charges in response to jury notes. To the extent that the defendant contends that the court improperly marshaled the evidence in its supplemental instructions relating to geographical jurisdiction, his claim is without merit, as the court's marshaling was fair (*see People v Saunders*, 64 NY2d 665, 667 [1984]). To the extent that the defendant now contends that the court's instructions on the issue were otherwise flawed, his claims are unpreserved for appellate review (*cf. People v Taylor*, 26 NY3d 217, 222-224 [2015]). At trial, the defendant did not bring those alleged deficiencies to the court's attention, but merely reiterated his original objection to the delivery of any instruction as to the presumption contained in CPL 20.20 (2) (a) (*see People v Hoke*, 62 NY2d 1022, 1023-1024 [1984]; *People v Reyes*, 76 AD3d 864, 865-866 [2010]; *People v Staton*, 124 AD2d 687, 687 [1986]). We decline to review these contentions in the exercise of our interest of justice jurisdiction.

The defendant was not deprived of a fair trial by the prosecutor's cross-examination of him (*cf. People v Sivels*, 114 AD3d 708, 709 [2014]).

The defendant's remaining contentions, including those

raised in his pro se supplemental brief, are without merit. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.