■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG M. WILLIAMS, Appellant. [55 NYS3d 102]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered February 17, 2016, convicting him of leaving the scene of an accident resulting in death without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant struck and killed a pedestrian walking on the shoulder of a roadway shortly before 4:39 a.m. on September 29, 2012. Evidence at trial demonstrated that the force of the impact crushed the front right headlight of the defendant's vehicle and lifted the pedestrian's body up onto the hood, denting the hood and causing the back of the pedestrian's head to smash into the windshield, breaking it. The pedestrian was carried on the hood of the defendant's vehicle for a distance of 166 feet before falling to the road. The defendant did not stop his vehicle or call the police. There were no witnesses.

The defendant spoke to his wife on his cellular telephone two times immediately following the incident, at 4:39 a.m., and again at 4:42 a.m., before arriving home at approximately 4:45 a.m. The defendant's wife was standing in the driveway waiting for the defendant when he arrived home. Upon observing the extensive damage to the defendant's vehicle, she got into her own car and drove to the scene of the accident. The defendant spoke to his wife twice on the telephone after she left, at 4:51 a.m. and 4:55 a.m. After arriving at the scene and observing the presence of police activity, at 4:57 a.m., the defendant's wife called her parents and spoke to her father, a detective investigator for the Suffolk County District Attorney's Office. The defendant's wife testified that she called her father because she "didn't know what to do" and "wanted . . . to see what to do." The father, in turn, notified the police that the defendant had been involved in the accident.

The defendant was charged with and convicted of leaving the scene of an accident resulting in death pursuant to Vehicle and Traffic Law § 600 (2) (a). That statute provides that, "Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his or her license and insurance identification card for such vehicle, when such card is required pursuant to articles six and eight of this chapter, and give his or her name, residence, including street and street number, insurance carrier and insurance identification information including but not limited to the number and effective dates of said individual's insurance policy and license number, to the injured party, if practical, and also to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he or she shall report said incident as soon as physically able to the nearest police station or judicial officer."

Contrary to the defendant's contention, the County Court's instruction to the jury that "the wife's father is not a judicial officer," given in response to the jury's note inquiring whether "the wife's call to her father count[s] as a call to a judicial officer," was a proper statement of the law. Criminal Procedure Law § 1.20 (34) (g) expressly defines "[a]n investigator employed in the office of a district attorney" as a "police officer." As the Court of Appeals has stated, "a policeman is not a judicial officer" (*Toker v Pollak*, 44 NY2d 211, 220 [1978]).

The defendant's contention regarding the County Court's

supplemental instruction to the jury, given in response to a jury note requesting "[f]urther clarification of [the] charge," including "cause to know," is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Morris*, 27 NY3d 1096 [2016]; *People v Handel*, 133 AD3d 879 [2015]; *People v Daniels*, 101 AD3d 1142 [2012]; *People v Woods*, 80 AD3d 718, 718 [2011]) and, in any event, without merit. When a jury requests information or further instructions during its deliberations, the court "must give such requested information or instruction as [it] deems proper" (CPL 310.30). In all circumstances, the response given must be "meaningful" (*People v Malloy*, 55 NY2d 296, 301-302 [1982]). "In determining whether the trial court has responded meaningfully to the jury's request for further instruction, the factors to be evaluated are the form of the jury's question, the particular issue of which inquiry is made, the supplemental instruction actually given, and the presence or absence of prejudice to the defendant" (*People v Nash*, 83 AD3d 872, 873 [2011]; *see People v Almodovar*, 62 NY2d 126, 131-132 [1984]; *People v Mezzacapo*, 105 AD2d 808 [1984]). "[S]ince the trial court is in the best position to interpret the jury's request, it has discretion to fashion the appropriate response and may even respond by repeating its earlier instructions on the same subject" (*People v Ellis*, 183 AD2d 534, 536 [1992], *affd* 81 NY2d 854 [1993]; *see People v Malloy*, 55 NY2d at 301-302).

Here, the County Court's original charge to the jury followed the language contained in the Criminal Pattern Jury Instructions verbatim (*see* CJI2d[NY] Vehicle and Traffic Law § 600 [2] [a]; *People v Costa*, 256 AD2d 809 [1998]; *People v Jones*, 138 AD3d 1144 [2016]). In determining the most appropriate way to respond to that request, the court determined to reread the elements of the charge to the jury, which included the "cause to know" element. The court also specifically addressed the jury's request for clarification of the element of "cause to know," stating that the jury should interpret that term by its "common everyday usage." Contrary to the defendant's contention, the court was not required to have additionally instructed the jury that the defendant must have had cause to know that he had caused the victim personal injury prior to leaving the scene, nor did the defendant make this request. Moreover, after the original charge had been repeated to the jury and the additional instruction regarding the definition of cause to know given, the jurors gave no indication that their concern had not been satisfied or that they remained perplexed. Accordingly, the court's response to this jury note was meaningful (*see People v Almodovar*, 62 NY2d at 131-132; *People v Malloy*, 55

NY2d at 301-302). The defendant's reliance on the affidavits of two jurors stating that they remained confused on the "cause to know" element of the statute to establish that the court's response to this jury note was not meaningful, is without merit (*see People v Maragh*, 94 NY2d 569, 573 [2000]; *People v Brown*, 48 NY2d 388, 393 [1979]; *People v Paz*, 159 AD2d 987, 988 [1990]; *People v Smalls*, 112 AD2d 173 [1985]; *People v Ullman*, 103 Misc 376 [Sup Ct, NY County 1918], *affd* 184 App Div 93 [1918]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 349 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]), and the record does not support the defendant's contention that the County Court exhibited bias that affected the sentence imposed. Chambers, J.P., Austin, Roman and Barros, JJ., concur.