People v Pardo (2019 NY Slip Op 06627)





People v Pardo


2019 NY Slip Op 06627


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-07991
 (Ind. No. 1730/15)

[*1]The People of the State of New York, respondent,
v
Lord Pardo, appellant.


Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jerald S. Carter, J.), rendered August 9, 2017, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On October 11, 2015, the 18-month-old infant victim died after sustaining multiple blunt force injuries to his head, chest cavity, and abdominal cavity, including a lacerated liver, a broken rib, significant internal bleeding, and several contusions and abrasions to his head and chest, while in the care of the defendant. The defendant was arrested and charged, inter alia, with manslaughter in the second degree. He was later convicted, upon a jury verdict, of that charge.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions regarding the Supreme Court's supplemental instruction to the jury, given in response to a jury note, are without merit. When a jury requests information or further instructions during its deliberations, the court "must give such requested information or instruction as [it] deems proper" (CPL 310.30). In all circumstances, the response given must be "meaningful" (People v Malloy, 55 NY2d 296, 301). " In determining whether the trial court has responded meaningfully to the jury's request for further instruction, the factors to be evaluated are the form of the jury's question, the particular issue of which inquiry is made, the supplemental [*2]instruction actually given, and the presence or absence of prejudice to the defendant'" (People v Williams, 150 AD3d 902, 904, quoting People v Nash, 83 AD3d 872, 873; see People v Almodovar, 62 NY2d 126, 131-132). Here, the court's supplemental instruction was a meaningful response to the jury's note and the defendant was not prejudiced by it (see People v Almodovar, 62 NY2d at 131-132; People v Williams, 150 AD3d at 904).
The defendant's contention that the Supreme Court erred in imposing restitution without conducting a hearing is unpreserved for appellate review (see CPL 470.05[2]). We decline to review this contention in the exercise of our interest of justice jurisdiction.
The defendant's remaining contentions are without merit.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court