People v Raphael (2020 NY Slip Op 04869)





People v Raphael


2020 NY Slip Op 04869


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-08656
 (Ind. No. 349/16)

[*1]The People of the State of New York, respondent,
v
Ishmail Raphael, appellant.


Paul Skip Laisure, New York, NY (Martin B. Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered June 30, 2017, convicting him of robbery in the second degree, assault in the second degree, and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his for-cause challenges to three prospective jurors (see CPL 270.20[1][b]; People v Crawford, 65 AD3d 694, 694-695).
Contrary to the People's contention, the defendant preserved for appellate review his contention that the evidence was not legally sufficient to establish his guilt of robbery in the second degree (see CPL 470.05[2]). However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree and assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the counts of robbery in the second degree and assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that certain remarks made by the prosecutor during the opening statement and on summation require reversal is unpreserved for appellate review, since the defendant either failed to object to the remarks at issue or made only a general objection, and failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal (see People v Romero, 7 NY3d 911, 912; People v Willis, 165 AD3d 984, 985). In any event, several of the challenged remarks constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defense summation, or permissible rhetorical comment (see [*2]People v Rodriguez, 175 AD3d 721, 722; People v Carter, 152 AD3d 786). To the extent that certain other remarks were made to evoke juror sympathy, vouched for the credibility of a witness, or constituted testimony by the prosecutor, those remarks were not so egregious as to deprive the defendant of a fair trial (see People v Johnson, 159 AD3d 833, 835).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court