People v Wilkinson (2021 NY Slip Op 01276)





People v Wilkinson


2021 NY Slip Op 01276


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2016-04631
 (Ind. No. 830/14)

[*1]The People of the State of New York, respondent,
v
Kadeem Wilkinson, appellant.


Janet E. Sabel, New York, NY (Whitney A. Robinson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), rendered April 8, 2016, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the fourth degree in connection with his actions in December 2013 where he fatally stabbed the victim, a stranger, after having had an altercation with the victim earlier that same night. The defendant's contention that the Supreme Court should have granted his application to charge manslaughter in the second degree as a lesser included offense of intentional murder is without merit (see CPL 300.50[1]; People v Rivera, 23 NY3d 112, 124). Viewing the evidence in the light most favorable to the defendant, there was no reasonable view of the evidence that would support a finding that the defendant acted recklessly when he approached the victim and stabbed him in the back with the kitchen knife he had retrieved from his apartment after the initial altercation had concluded (see People v Rivera, 23 NY3d at 124; People v Stephens, 189 AD3d 1270, 1271).
The defendant's contention that the Supreme Court erred in its response to a jury note also is without merit. The court responded to the jury's question about the difference between "harm" and "serious harm" by informing the jury that there was no legal definition for those terms and by reiterating the definition of serious physical injury. That response was meaningful and proper under the circumstances (see People v Malloy, 55 NY2d 296, 302-303). Moreover, after the court repeated the definition to the jury, it informed the jurors that further explanation would be provided if requested by a subsequent note. The jurors requested no further instruction (see People v Mattison, 162 AD3d 905, 907; People v Chase, 225 AD2d 789, 790).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court