People v Bohn (2021 NY Slip Op 05350)





People v Bohn


2021 NY Slip Op 05350


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2014-04352
 (Ind. No. 1830/12)

[*1]The People of the State of New York, respondent,
v
Jason Bohn, appellant.


Patricia Pazner, New York, NY (Mark W. Vorkink of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered April 15, 2014, convicting him of murder in the first degree, criminal contempt in the first degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant preserved for appellate review his challenge to the legal sufficiency of the evidence supporting the conviction of murder in the first degree (see CPL 470.05[2]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the conviction of murder in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the People's contention, the defendant's contention that the Supreme Court erred in denying his challenges for cause to three prospective jurors is preserved for appellate review (see CPL 470.05[2]). Nevertheless, the Supreme Court providently exercised its discretion in denying the defendant's for-cause challenges to these prospective jurors (see CPL 270.20[1][b]; People v Raphael, 186 AD3d 1262, 1263; People v Brims, 145 AD3d 1025; see also People v Arnold, 96 NY2d 358, 363).
The defendant's challenge to the Supreme Court's determination qualifying the People's rebuttal witness as an expert is preserved for appellate review (see CPL 470.05[2]). Contrary to the defendant's contention, the court did not improvidently exercise its discretion in qualifying the witness as an expert, as her foundational testimony demonstrated that she possessed [*2]the skill, training, knowledge, or experience necessary to proffer an opinion on forensic psychology (see People v Flores, 153 AD3d 182, 196, affd 32 NY3d 1087; People v Washington, 108 AD3d 576, 577). Contrary to the defendant's further contention, the expert's purportedly flawed understanding of extreme emotional disturbance went to the weight, not the admissibility, of the testimony (see People v Whittemore, 185 AD3d 1528).
The defendant's contention that he was deprived of a fair trial by the People eliciting the sentencing range for manslaughter in the first degree from the defendant's expert witness is without merit. As the People contend, the defendant opened the door to this testimony. "[A] trial court should decide 'door-opening' issues in its discretion, by considering whether, and to what extent, the evidence or argument said to open the door is incomplete or misleading, and what if any otherwise inadmissible evidence is reasonable necessary to correct the misleading impression" (People v Massie, 2 NY3d 179, 184). Here, the defendant opened the door to this testimony by eliciting incomplete information from his expert witness relating to the sentence for that crime (see People v Lowe, 166 AD3d 901, 903; People v Singh, 147 AD3d 787, 787; People v Vazquez, 28 AD3d 1100, 1100-1101).
The defendant's contention that certain remarks or actions by the prosecutor during the cross-examination of defense witnesses deprived him of a fair trial is partially preserved for appellate review (see CPL 470.05[2]). In any event, contrary to the defendant's contention, the identified remarks and conduct were not, "either individually or collectively, so egregious as to deprive the defendant of a fair trial" (People v Stevenson, 129 AD3d 998, 999). Moreover, the identified remarks did not make the prosecutor an unsworn witness (see People v Daniels, 145 AD3d 1030).
The defendant's contention that he was deprived of a fair trial by certain remarks by the prosecutor during summation is largely unpreserved for appellate review (see CPL 470.05[2]; People v Chizor, 190 AD3d 763, 763; People v Sylvestre, 178 AD3d 863, 864). In any event, the majority of the remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, or fair response to defense counsel's summation (see People v Mapp, 188 AD3d 1260, 1261; People v Hernandez, 171 AD3d 791, 792). To the extent that some of the challenged remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Hernandez, 171 AD3d at 792; People v Stevenson, 129 AD3d at 999).
Contrary to the People's contention, the defendant's challenges to the Supreme Court's supplemental instructions to the jury given in response to two jury notes are preserved for appellate review. When a jury requests information or further instructions during its deliberations, the court "must give such requested information or instruction as [it] deems proper" (CPL 310.30). In all circumstances, the response given must be "meaningful" (People v Malloy, 55 NY2d 296, 301). "'In determining whether the trial court has responded meaningfully to the jury's request for further instruction, the factors to be evaluated are the form of the jury's question, the particular issue of which inquiry is made, the supplemental instruction actually given, and the presence or absence of prejudice to the defendant'" (People v Williams, 150 AD3d 902, 904, quoting People v Nash, 83 AD3d 872, 873; see People v Almodovar, 62 NY2d 126, 131-132; People v Mezzacapo, 105 AD2d 808). "'[S]ince the trial court is in the best position to interpret the jury's request, it has discretion to fashion the appropriate response and may even respond by repeating its earlier instructions on the same subject'" (People v Williams, 150 AD3d at 904, quoting People v Ellis, 183 AD2d 534, 536, affd 81 NY2d 854; see People v Malloy, 55 NY2d at 301-302).
Contrary to the defendant's contention, the Supreme Court's response to one jury note, which included telling the jury that certain terms are "within the common understanding of the jurors" and rereading the charge for murder in the first degree, was meaningful under the circumstances (see People v Williams, 150 AD3d at 904). Moreover, after the court's response, "the jurors gave no indication that their concern had not been satisfied" (People v Mattison, 162 AD3d 905, 907; see People v Wilkinson, 192 AD3d 708; People v Chase, 225 AD2d 789, 790).
Another jury note requested that the Supreme Court read from a document that was [*3]not in evidence. The court informed the jury that the document was not in evidence and not to speculate as to it. Contrary to the defendant's contention, this response was meaningful under the circumstances (see CPL 310.30; People v Malloy, 55 NY2d at 302).
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court