People v Heusel (2024 NY Slip Op 04781)

People v Heusel

2024 NY Slip Op 04781

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2019-01752
 (Ind. No. 8752/16)

[*1]The People of the State of New York, respondent,
v
Kurt Heusel, appellant. 

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Keerthana Nunna of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered November 19, 2018, convicting him of manslaughter in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the admission of a prior consistent statement is unpreserved for appellate review (see CPL 470.05[2]). In any event, given the cross-examination by defense counsel, which raised specific claims of recent fabrication, the Supreme Court properly permitted the prosecutor, on redirect, to elicit a prior consistent statement (see People v McDaniel, 81 NY2d 10, 18; People v Jones, 289 AD2d 47). The prior consistent statement predated particular motives to falsify that were asserted by the defendant, and there was no requirement that the statement predate all possible motives to falsify (see People v McClean, 69 NY2d 426, 430; People v Baker, 23 NY2d 307, 322-323; People v Jones, 289 AD2d at 47-48).
The defendant's contention that the admission of DNA evidence obtained from the weapon used against the victim violated the defendant's rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution because the testifying analyst merely "function[ed] as a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315; see Crawford v Washington, 541 US 36, 53-54; People v Austin, 30 NY3d 98) is unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contention does not warrant reversal. The error in admitting the analyst's testimony regarding the DNA evidence, if any, was harmless beyond a reasonable doubt, because the evidence of the defendant's guilt, without reference to such testimony, was overwhelming, and there was no reasonable possibility that any such error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 237).
The defendant's contention that he was deprived of the effective assistance of counsel because defense counsel failed to request that manslaughter in the second degree (Penal Law § 125.15) be charged as a lesser included offense of murder in the second degree (id. § 125.25) is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see [*2]People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court